# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER CHIRAS, | ) |
| Plaintiff, | ) Civil No. |
|  | ) 11-40201-FDS |
| v. | ) |
| UNIBANK, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

## I.     Introduction

On October 24, 2011, plaintiff Christopher Chiras filed a complaint against defendant Unibank alleging violations of the Unlawful Internet Gambling Enforcement Act of 2007 ("UIGEA"),[1] by processing offshore gambling transactions through Chiras's credit cards, totaling $13,900. Chiras asserted jurisdiction because this action involves federal law. Additionally, Chiras asserted a breach of contract claim on the ground that Unibank had a contract with him to refund the gambling transactions. He claimed this contract was signed when he opened a bank account, in accordance with the UIGEA. He sought $13,900 in damages.

On November 4, 2011, this Court issued a Memorandum and Order granting Chiras's

---

[1] It is presumed that Chiras is referring to the UIGEA, enacted October 13, 2006. *See* Pub. L. 109-347, Title VIII, Oct. 13, 2006, 120 Stat. 1952, codified at 31 U.S.C. §§ 5361-67. The UIGEA is aimed at restricting illegal Internet gambling, by, among other things, prohibiting the transfer of funds from a financial institution to Internet gambling sites (with certain exceptions, such as horse racing). The purpose of the law was to stop online gambling by preventing banks and credit card companies from processing fund transfers for unlawful Internet gambling.

motion for leave to proceed *in forma pauperis*. The order also directed Chiras to demonstrate good cause, within 35 days, why this action should not be dismissed for failure to plead claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted. This Court also declined to exercise supplemental jurisdiction over his breach of contract claim in the absence of a *bona fide* federal claim.

In response, on December 8, 2011, Chiras filed a motion to waive his right to file *in forma pauperis*. In that motion, Chiras now seeks to pay the $350 filing fee so as to avoid a preliminary screening under the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(2). Incorporated into that motion was a show-cause response. In essence, in the show-cause response, Chiras argues that he has stated a claim under Rule 8, and alleges the defendant was negligent in failing to comply with UIGEA. He also contends that he reached settlements with other banks and has had his gambling transactions refunded, and that this is proof that his claims against Unibank in this action have merit. Further, he asserts that the federal courts are responsible for enforcing compliance with UIGEA.

**II.    Analysis**

The first issue is whether Chiras may avoid a preliminary screening under the *in forma pauperis* statute by paying the filing fee. The request essentially is one to vacate the prior grant of *in forma pauperis* status, pursuant to the memorandum and order (Docket No. 4). The Court is troubled by the fact that Chiras now appears to be able to afford the $350 filing fee, having previously stated only months earlier, under the penalties of perjury, that he had no assets or savings and earned $626 per month. In light of this, the Court questions the truthfulness of Chiras's financial disclosures.

In any event, the Court will not delve into this matter further and considers the matter to be moot because this action will be dismissed for the reasons previously set forth in its earlier memorandum and order. Chiras has failed to establish that he has a private cause of action under UIGEA that would provide a *bona fide* basis for the federal question jurisdiction of this Court.

Although Chiras argues that UIGEA holds banks accountable and must be enforced, he has provided no legal authority to support the claim that he has a private cause of action to enforce it. This Court has previously held that he does not, and Chiras has not provided any basis for reconsideration of this ruling. His contention that he settled his disputes with other banks and obtained a refund is not germane to this legal issue; whether or not a bank deems it fiscally prudent to settle disputes with its customers does not affect whether Chiras has a legal right to enforce the provisions of the UIGEA.

### III.    Conclusion

For the foregoing reasons, it is hereby ordered as follows:

1. Plaintiff's Motion to Waive [His] Right to File [*In*] Forma *Pauperis* is DENIED; and

2. This action is DISMISSED in its entirety.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 16, 2011